## KELLEY v. REYNOLDS.

No. 3592.    Opinion Filed November 16, 1912.

(128 Pac. 116.)

**TRIAL—Evidence—Directing Verdict.** Where plaintiff brings action to recover possession of certain real estate on the theory that the same is the homestead of himself and family, but on the trial thereof offers no proof to sustain such claim, it is not error for the trial court to direct a verdict against him.

(Syllabus by the Court.)

*Error from Tulsa County Court;*
*N. J. Gubser, Judge.*

Action by Wesley Kelley against E. Reynolds.  Judgment for defendant before a justice was appealed to the county court, and on denial of a motion for a new trial, plaintiff brings error. Affirmed.

*Francis R. Brennan,* for plaintiff in error.

*Roach & Bradley,* for defendant in error.

DUNN, J.   This case presents error from the county court of Tulsa county, and was originally brought as an action of unlawful detainer before a justice of the peace, from whose judgment appeal was taken to the county court of the said county, and after trial there had, and denial of motion for new trial, the same has been lodged in this court for review.

The action was brought by plaintiff in error as plaintiff, who is the surviving husband of Susannah Kelley, a deceased Creek Indian, and is to recover possession of 60 acres of land originally a portion of the said Susannah Kelley's surplus allotment.   October 12, 1908, she executed an agricultural lease in writing to the defendant, leasing the land herein involved, and an additional 40 acres situated in a different section, for a term of five years, ending December 31, 1913.   The defendant claims possession of the 60 acres under this lease.   The plaintiff's action is

predicated upon the theory that the said 60 acres was a part of the homestead of the Kelley family, and that, upon the death of Susannah Kelley, the plaintiff, her husband, became entitled to occupy it under the homestead laws of Oklahoma. There was no evidence that Susannah Kelley, or plaintiff, or their family, ever at any time selected as a homestead or occupied the 60-acre tract, nor that it was used in any way whatsoever in connection with the 80 acres which was occupied as the homestead of the family; nor did plaintiff appear at or testify on the trial, nor did any one else, that he had selected or claimed the same as a part of the family homestead. Under these circumstances, at the conclusion of the evidence, the court instructed the jury to return a verdict for the defendant, which was accordingly done, and judgment dismissing plaintiff's cause entered thereon.

The case of plaintiff failed through a lack of proof. The presumption obtains that the lease was valid, and that the party in whose name the land stood, and who had possession, had a right to lease it, and in the absence of proof of plaintiff's superior right, on some ground, defendant was entitled to recover, and the judgment, under the record, must be affirmed.

All the Justices concur.